IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Stephen Plough, | ) | C/A No. 8:16-cv-02325-TLW-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Holly Scaturo, Director; Mrs. Kimberly Poholchuk, B.M.C. Program Director; Ms. Cynthia Helff, B.M.C.; Dr. Kelly Gothard; Dr. Gordon Brown, Psychologist; Dr. Rozanna Trass, Psychologist; Dr. Amy Swan, Psychologist; Ms. Marie Gehle, Evaluator; Dr. Donna Schwartz-Watts, Psychologist; Capt. Frank Abney, P.S.O. Supervisor; Mr. Galen Sanders, Chief Nursing Administrator; Mr. Harold Alexander, R.N.; Ms. Charlene Hickman, R.N.; Dr. John McGill, Director of Department of Mental Health; Mr. Allen Wilson, Attorney General, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on a motion to dismiss filed by Defendant Allen Wilson ("Wilson"); a motion to dismiss filed by Plaintiff; and a motion to dismiss filed by Defendant Amy Swan ("Swan"). [Docs. 21; 33; 35.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff filed this action on June 27, 2016, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. [Doc. 1.] On September 9, 2016, Wilson filed a motion to dismiss. [Doc. 21.] On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised to respond to the motion and of the possible

consequences if he failed to adequately respond. [Doc. 23.] Instead of responding to the motion to dismiss filed by Wilson, on September 28, 2016, Plaintiff filed a motion to dismiss. [Doc. 33.] On October 17, 2016, the Defendants who had previously filed an Answer (the "Answer Defendants")[1] filed a response to Plaintiff's motion to dismiss. [Doc. 38.] On October 6, 2016, Swan filed a motion to dismiss. [Doc. 35.] On October 7, 2016, pursuant to *Roseboro*, Plaintiff was advised to respond to the motion and reminded of the possible consequences if he failed to adequately respond. [Doc. 36.] Plaintiff has not responded to Swan's motion. The motions are ripe for review.

## **BACKGROUND**[2]

Plaintiff appears to have been civilly committed pursuant to the South Carolina Sexually Violent Predator Act ("SVPA"), S.C. Code Ann. §§ 44-48-10 through 44-48-170. [Doc. 1.] He alleges that the SVPTP is punitive in nature and not treatment oriented. [*Id.* at 9.] He alleges he was sent to the SVPTP on August 9, 2002, for treatment but that he does not receive it. [*Id.* at 8.] He alleges the conditions of confinement in the SVPTP are worse than prisoner conditions. [*Id.* at 9.] He seems to allege he receives one day per week of treatment for two hours, and no one-on-one time with his case manager to discuss his treatment. [*Id.* at 11.] He stays physically stressed and has constant headaches, for which he only receives Tylenol. [*Id.*] He seeks damages and injunctive relief. [*Id.* at 12.]

---

[1]The following Defendants filed an Answer in this case: Holly Scaturo, Mrs. Kimberly Poholchuk, Ms. Cynthia Helff, Dr. Kelly Gothard, Dr. Gordon Brown, Dr. Rozanna Trass, Ms. Marie Gehle, Dr. Donna Schwartz-Watts, Capt. Frank Abney, Mr. Galen Sanders, Mr. Harold Alexander, and Dr. John McGill. [Doc. 25.] Defendant Ms. Charlene Hickman has never been served. [*See* Doc. 31.]

[2]The facts included in this Background section are taken directly from Plaintiff's Complaint.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.  This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v. Metro.*

*Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

## **DISCUSSION**

As stated, Plaintiff has moved for this case to be dismissed. He filed his motion to dismiss after some Defendants filed an Answer, such that he fails to meet the requirements to dismiss the action without a court order. *See* Fed. R. Civ. P. 41(a)(1). Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).

Here, the undersigned recommends that Plaintiff's case be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Plaintiff has indicated that he seeks

5

to dismiss his case, the Answer Defendants consent to Plaintiff's voluntary dismissal [Doc. 38 at 1], and the other Defendants have not responded to Plaintiff's motion. Thus, his motion should be granted.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion to dismiss [Doc. 33] be GRANTED. It is further recommended that the remaining motions—Wilson's motion to dismiss [Doc. 21] and Swan's motion to dismiss [Doc. 35]—be FOUND AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

December 7, 2016  
Greenville, South Carolina